UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRICK HOWARD**          *          **CIVIL ACTION**

**VERSUS**                  *          **NO: 05-5014**

**BURL CAIN, WARDEN**       *          **SECTION: "J"(6)**

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.

For the following reasons, it is **HEREBY RECOMMENDED** that the State be ordered to submit a response addressing the merits of petitioner's habeas application.

### PROCEDURAL HISTORY

On September 23, 1998, petitioner, Derrick Howard, a prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was found guilty, following trial by

jury, of attempted aggravated burglary.[1]  On October 23, 1998, petitioner was sentenced to 15 years imprisonment, but the State informed the trial court of its intention to file a multiple bill against petitioner.[2]  Pursuant to the State's multiple bill, the trial court, on August 20, 1999, conducted a hearing, following which, the court determined petitioner to be a third-felony offender, vacated petitioner's previous sentence of 15 years imprisonment and re-sentenced petitioner to a term of life imprisonment without benefit of probation, parole or suspension of sentence.  At this same time, defense counsel, Robert Jenkins, pursuant to his oral motion, withdrew as petitioner's attorney of record and the Louisiana Appellate Project was appointed to represent petitioner on appeal.[3]

On July 18, 2000, petitioner filed with the trial court a motion for an out of time appeal.  On August 1, 2000, the trial court, noting that no action had been taken with regard to petitioner's appeal, ordered that petitioner's record be transmitted to the Louisiana Fifth Circuit Court of Appeal and that notice be issued to the Louisiana Appellate Project of its earlier appointment "so that counsel can be assigned to this appeal".[4]  On August 16,

---

[1] A copy of the jury verdict is contained in the State rec., vol. 1 of 5.

[2] A copy of the trial court's October 23, 1998 minute entry is contained in the State rec., vol. 1 of 5.

[3] A copy of the trial court's August 20, 1999 minute entry is contained in the State rec., vol. 1 of 5.

[4] A copy of the trial court's August 1, 2000 Order is contained in the State rec., vol. 1 of 5.

2000, the Louisiana Appellate Project issued a letter advising that counsel had been assigned "to handle" petitioner's appeal.[5]

On April 21, 2001, pursuant to petitioner's appeal, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and life sentence. *See State v. Howard*, 786 So.2d 174 (La. App. 5 Cir. 2001). Approximately one year later, on April 26, 2002, the Louisiana Supreme Court denied petitioner's writ application. *See State v. Howard*, 816 So.2d 846 (La. 2002).

On September 23, 2002, petitioner filed an application for post-conviction relief which the state district court, on October 10, 2003, denied.[6] On December 1, 2003, the Louisiana Fifth Circuit Court of Appeal, finding "no error in the trial court's ruling of October 10, 2003," likewise denied petitioner's application for post-conviction relief.[7] On December 17, 2004, the Louisiana Supreme Court denied petitioner's writ application. *See State ex rel. Howard v. State*, 888 So.2d 862 (La. 2004).

---

[5]A copy of the August 16, 2000 letter is contained in the State rec., vol. 1 of 5.

[6]A copy of the district court's October 10, 2003 Order is contained in the State rec., vol. 4 of 5.

[7]Copies of the state appellate court's December 1, 2003 adverse decision are contained in the State rec., vols. 4 and 5 of 5.

Petitioner filed the instant action for federal habeas relief on August 5, 2005.[8] In its response, the State argues that petitioner's habeas application should be dismissed as time-barred.  For the following reasons, this court disagrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[9]   *See* 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's conviction became final on or about April 26, 2002, when the Louisiana Supreme Court denied his writ application in connection with his direct appeal proceedings, and his time for seeking review expired on or about July 25, 2002, 90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired.  *See* Sup.Ct.R. 13(1); *see also Ott*

---

[8]*See* Federal rec., doc. no. 1.  This August 5, 2005 filing date was ascertained via the court's use of the prison "mailbox" rule.  Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition or accompanying pauper application is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999).

[9] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

*v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Thus, petitioner had a year from July 25, 2002, until July 25, 2003, to timely seek habeas corpus relief.[10]

Petitioner did not file the instant action until August 5, 2005, over two years after his limitation period had expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[10]The State asserts that under the provisions of La.C.Cr.P. art. 914, petitioner's conviction became final on August 25, 1999, five days following the district court's August 20, 1999 multiple offender adjudication. *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985). The basis of the State's assertion is its contention that petitioner failed to timely appeal his conviction. According to the State, it was only by virtue of petitioner's July 18, 2000 motion for an out of time appeal, which the trial court allegedly granted on August 1, 2000, that the matter was ultimately reviewed by the state appellate court. *See* Federal rec., doc. 11, State's Response at pp. 10-11. However, a careful review of the trial court's August 1, 2000 Order (State rec., vol. 1 of 5), reveals that the trial court did not grant petitioner an out of time appeal. Instead, the district court acknowledged that on "8/20/99 ... defense counsel's oral motion to withdraw was granted and his oral motion that the Louisiana Appellate project be appointed to handle defendant's appeal was also granted", however, "[n]o further action ha[d] been taken on defendant's appeal." Accordingly, the court ordered that the pertinent record be transmitted to the state appellate court and that the Louisiana Appellate Project be reminded of its earlier appointment so that counsel could be assigned and the appeal could proceed. Based upon the above, this court finds that petitioner's appeal was not, in fact, untimely. As such, petitioner's one-year prescriptive period, under the AEDPA, should not commence to run until July 25, 2002, when his 90 days expired for seeking review from the United States Supreme Court in connection with the Louisiana Supreme Court's April 26, 2002 denial of his direct appeal.

5

On September 23, 2002, petitioner filed an application for post-conviction relief with the state district court, thereby suspending the running of prescription. At that point, 59 days of petitioner's 365-day prescriptive period had expired.

By virtue of petitioner's filing of a state post-conviction application, his statute of limitations remained suspended until December 1, 2003, when the Louisiana Fifth Circuit Court of Appeal denied his application for post-conviction relief.[11] At that point, petitioner, under the provisions of Louisiana Supreme Court Rule X, § 5, had 30 days, until December 31, 2003, within which to timely seek relief from the state high court in connection with the state appellate court's December 1, 2003 adverse decision. The State contends that petitioner did not timely seek relief from the state high court, waiting until January 22, 2004 to file his writ application with the Louisiana Supreme Court.[12] Accordingly, the State, based upon *Williams v. Cain*, 217 F.3d 303, 308-309 (5th Cir. 2000) (writ application filed outside the 30-day time constraint imposed under Louisiana Supreme Court Rule X, § 5, is not "properly filed", as required under 28 U.S.C. § 2244(d)(2), and therefore, does not toll the AEDPA's one-year prescriptive period), argues that the filing of petitioner's writ application, No. 2004-KH-0218, with the Louisiana Supreme Court did not toll prescription.

---

[11]*See* discussion *supra* at p. 3.

[12]*See* Federal rec., doc. 11, State's Response at p. 15. The State ascertained the filing date based upon a January 22, 2004 letter from John T. Olivier, Clerk of the Louisiana Supreme Court, setting forth that petitioner's writ application was received by the Louisiana Supreme Court on January 22, 2004 and filed on that same date. (A copy of John Olivier's letter is contained in the State rec., vol. 5 of 5).

The above argument is without merit because it is based upon the incorrect premise that petitioner filed his writ application, No. 2004-KH-0218, with the Louisiana Supreme Court on January 22, 2004, the date the state high court received his writ application. It is well-established that when determining when a Louisiana state pleading was filed for purposes of determining whether or not a pro se federal habeas petitioner's one-year statute of limitations was suspended under the provisions of § 2244(d)(2), one must employ the prison "mailbox" rule first enunciated in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). *See Causey v. Cain*, 450 F.3d 601, 604-607 (5th Cir. 2006); *Weaver v. Cain*, 2005 WL 1400409, *2-5 (E.D. La. 2005). As noted earlier,[13] a pleading, under the "maibox" rule, is considered filed for prescriptive purposes on the date it is delivered to prison authorities for mailing, rather than the date it is actually received by the court. *See Cooper*, 70 F.3d at 379. Generally, the date a prisoner signs his or her pleading is presumed to be the date it was delivered to prison officials for mailing. *See Colarte*, 40 F.Supp. at 817. Because petitioner signed his writ application, No. 2004-KH-0218, on December 31, 2003, the date it was due, this is considered to be his filing date.[14]

---

[13]*See* discussion *supra* at n. 8.

[14]A copy of petitioner's writ application, No. 2004-KH-0218, is contained in the State rec., vol. 5 of 5. The pertinent pleading indicates that it was postmarked "1/6/04." Additionally, attached as exhibit C to petitioner's "Objection to the State's Response" (rec. doc. 12), is a copy of the certified mail return receipt postcard associated with the filing of writ application No. 2004-KH-0218. Said postcard reflects a "Date of Delivery" of "1-7-04", and that the postcard was returned to the Louisiana State Prison on "Jan 12 2004".

Accordingly, petitioner's writ application to the Louisiana Supreme Court was, in fact, timely filed and, therefore, suspended the running of petitioner's one-year prescriptive term. As such, the instant action, contrary to the State's assertion, is not time-barred.

### RECOMMENDATION

It is therefore **RECOMMENDED** that the State's original response (rec. doc 11), wherein the State submits that the instant action is untimely, be **REJECTED**, and that the State be **ORDERED** to submit a supplemental response addressing the merits of petitioner's habeas corpus application.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __17th__ day of _____August_____, 2007.

_____
LOUIS MOORE, JR.
United States Magistrate Judge